```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
LG CAPITAL FUNDING, LLC,                 :
                                         :         17cv3841(DLC)
                  Plaintiff,             :
                                         :       MEMORANDUM OPINION
-v-                                      :           AND ORDER
                                         :
PROTEXT MOBILITY, INC.,                  :
                                         :
                  Defendant.             :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

LG Capital Funding, LLC ("LG") has moved for an award of attorneys' fees following trial despite the fact that it did not prevail on the sole issue in dispute at trial. For the following reasons, the terms of its agreements with defendant Protext Mobility, Inc. ("Protext") entitle LG to an award only of the fees and costs associated with the filing of this action through to the initial pretrial conference.

LG had lent money to Protext and was partially repaid for those loans by selling in the open market shares of Protext stock that Protext issued to LG. These shares were issued pursuant to LG's requests to convert portions of the principal balance and interest due on the loans, as reflected in the Notes that governed the transactions, into stock. As of the time this action was filed on February 22, 2017, it was undisputed that certain principal and accrued interest due to LG under three

Notes remained outstanding.  LG Capital Funding, LLC v Protext Mobility, Inc., 17cv3841 (DLC), 2018 WL 1116571, at *4 (S.D.N.Y. Feb. 28, 2018) (the "Trial Opinion").  As the parties explained at the initial pretrial conference with the Court on July 21, however, they disagreed whether LG had provided effective notice on November 17, 2014 ("November 17 Notice") to Protext for what would have been a ninth conversion of debt into shares.

A bench trial was held on February 26, 2018 to resolve whether LG had given effective notice for the ninth conversion. Id. at *1 ("the instant dispute concerns a ninth request to convert debt into stock").  The Trial Opinion found that "plaintiff failed to effectuate a proper Notice of Conversion and is therefore not entitled to the lost income of the shares requested in the November 17 Notice, nor to the damages it claims it is due because of defendant's alleged failure to perform on that Notice."  Id. at *6.

Now, LG seeks to recover $30,275 in attorneys' fees and $475 in costs pursuant to the terms of the Notes which govern the parties' transactions.  This represents the entire amount of attorneys' fees for this litigation, including the trial and the filing of the motion for these fees.  The motion for attorneys' fees became fully submitted on April 25, 2018.

The fee-shifting provision on which LG relies is contained in Section 7 of each of the three Notes, and in Note 1's Events of Default provision.  Section 7 provides:

> The Company [Protext] agrees to pay all costs and expenses, including reasonable attorneys' fees and expenses, which may be incurred by the Holder [LG] in collecting any amount due under this Note.

Note 1's Events of Default provision provides:

> If the Holder [LG] shall commence an action or proceeding to enforce any provisions of this Note, including without limitation engaging an attorney, then the Holder shall be reimbursed by the Company for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding.

LG acknowledges that it was not a prevailing party at trial, and therefore does not rely on those provisions of the Notes which give prevailing parties a right to recover attorneys' fees.  Those provisions are contained in the Events of Default provisions in Notes 2 and 3 and provide:

> If the Holder shall commence an action or proceeding to enforce any provisions of this Note, including, without limitation, engaging an attorney, <u>then if the Holder prevails in such action</u>, the Holder shall be reimbursed by the Company for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding.

(emphasis added).  The Trial Opinion held "[t]here was no Event of Default related to the November 17 Notice." <u>Id</u>. at *6.

3

DISCUSSION

New York law governs this dispute. "[P]arties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." United States Fidelity and Guar. Co. v. Braspetro Oil Services Co., 369 F.3d 34, 74 (2d Cir. 2004) (citation omitted). "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." NetJets Aviation, Inc. v. LHC Communications, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (citation omitted). "When applying New York law, a court "should not infer a party's intention to provide counsel fees as damages for a breach of contract unless the intention to do so is unmistakably clear from the language of the contract." Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 177 (2d Cir. 2005) (citation omitted).

LG Capital is entitled to only limited attorneys' fees and costs. LG Capital is not a prevailing party in this litigation with respect to the only disputed issue and therefore cannot recover any fees and costs associated with claims of a default on the November 17 Notice. While the November 17 Notice was the center of the dispute between the parties before the Court, it

is also undisputed that Protext has not repaid the principal and accrued interest due under all three Notes.  The filing of this litigation allows LG to obtain a judgment as to those amounts.  But, since at least the time of the initial conference on July 21, 2017, it was clear that Protext did not dispute that it owed that debt or the amount of that debt.  LG Capital is therefore entitled to attorneys' fees and costs associated with filing this action and with litigating this action up to and through July 21, 2017.

LG argues that it was not until Protext responded to LG's proposed stipulated facts on the eve of trial that it made clear to LG that it would not contest its obligation to pay the outstanding principal and interest on the Notes.  LG argues that this delay required LG to brief the breach of contract claim for the failure to repay the Notes.  To the contrary, the contours of the dispute between the parties was clear by the time of the July 21 conference.  There is no reason to find that further litigation would have been required but for the dispute over the November 17 Notice.

## CONCLUSION

The March 28 motion by LG for an award of attorneys' fees is granted to the following extent. It is awarded costs associated with the filing of this action and reasonable fees through July 21, 2017. A scheduling order for the determination of those amounts accompanies this Opinion.

Dated: New York, New York
       June 12, 2018

```
                          _____
                               DENISE COTE
                          United States District Judge
```